

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| MICHAEL VANARTSDALEN, SR. and M.V., JR., *a minor*,<br>　　　　Plaintiffs,<br><br>vs.<br><br>CITY OF TEGA CAY, CITY OF TEGA CAY POLICE DEPARTMENT, CHIEF OF POLICE STEVE PARKER, SERGEANT LARRY NEELY, OFFICER STEVEN TIMBS, WAL-MART STORES, INC., WAL-MART STORES EAST, LP, T.C. WALMART SUPERCENTER #3733, IVAN MCKAY, APM SCOTT LYONS, LPA STEVEN FLOWERS, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, and JOHN DOE 9,<br>　　　　Defendants. | §§§§§§§§§§§§§§§§§§§§ CIVIL ACTION NO. 0:19-3204-MGL-PJG |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PLAINTIFFS' CLAIMS**

　　Plaintiff Michael Vanartsdalen Sr. (Vanartsdalen), proceeding pro se, brings this action on behalf of himself and his minor son, M.V. Jr (M.V.).

　　The matter is before the Court for consideration of the Magistrate Judge's Report and Recommendation (Report) suggesting M.V.'s claims be dismissed without prejudice for failure to obtain counsel and Vanartsdalen's claims be dismissed with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report o May 22, 2020, and Vanartsdalen filed his objections on June 7, 2020. The Court has reviewed Vanartsdalen's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

As the Court has already noted, the Magistrate Judge suggests the Court dismiss M.V.'s claims based on Vanartsdalen's failure to obtain counsel.

"The right to litigate for oneself . . . does not create a coordinate right to litigate for others. The reasoning behind this rule is two-fold: it protects the rights of those before the [C]ourt and jealously guards the judiciary's authority to govern those who practice in its courtrooms[.]" *Myers v. Loudoun County Public Schools*, 418 F.3d 395, 400 (4th Cir. 2005). Consequently, "non-attorney parents generally may not litigate the claims of their minor children in federal court." *Id.* at 401.

In the Magistrate Judge's January 7, 2020, Order, she (1) informed Vanartsdalen that counsel is required for the minor, (2) granted him thirty days to obtain counsel for the minor, and (3) warned him, if he failed to do so, the minor's claims might be dismissed. Then, in this Court's April 7, 2020, Order, it, in effect, gave Vanartsdalen until May 5, 2020, to secure counsel.

In Vanartsdalen's June 7, 2020, Objections, five months after the Magistrate Judge first directed him to secure counsel for M.V.'s claims, he states he is still seeking counsel. Without the

offer of any evidence, he blames his mental health and limited financial resources, along with the pandemic, as the bases for his failure to obtain counsel. The Court holds these conclusory statements to be unconvincing.  And, his suggestion the Court has not been accommodating is fanciful. Therefore, the Court will overrule Vanartsdalen's objections related to M.V.'s claims.

Turning now to Vanartsdalen's own claims, this Court need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The Court reviews the Report and Recommendation only for clear error in the absence of specific objections. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

Here, Vanartsdalen has wholly failed to bring any specific objections to the Report.  Thus, having  found no clear error, the Court need not make a de novo review of the record before accepting the Magistrate Judge's recommendation.

Further, inasmuch as Vanartsdalen was warned of the consequences of failing to file specific objections, Report at 7, he has waived appellate review on this issue.  *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991) (holding general objections are insufficient to preserve appellate review).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Vanartsdalen's objections, adopts the Report, and incorporates it herein.  Accordingly, it is the judgment of this Court M.V.'s claims are **DISMISSED WITHOUT PREJUDICE** for failure to  obtain counsel and Vanartsdalen's claims are **DISMISSED WITH**

**PREJUDICE**.  Consequently, Vanartsdalen's request for more time to secure counsel is **RENDERED AS MOOT**.

**IT IS SO ORDERED**.

Signed this 30th day of June, 2020, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
### NOTICE OF RIGHT TO APPEAL

Vanartsdalen is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.